FILED
2019 Apr-29 PM 01:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IVORY JEAN SEAY, )<br>   Plaintiff, )<br>  )<br>v. )<br>  )<br>EAGLE CLEANING )<br>SERVICE, *et al.*, )<br>  )<br>   Defendants. ) | 2:18-cv-01522-LSC |

**Memorandum of Opinion**

Plaintiff Ivory Jean Seay ("Seay"), who is proceeding *pro se*, brings this action against her former employer Eagle Cleaning Service ("Eagle"), alleging claims for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* ("the ADA"). Before the Court is Eagle's Motion to Dismiss. (*See* Doc. 9.) The motion has been fully briefed and is ripe for review. For the reasons stated below, Eagle's motion (doc. 9) is due to be denied. However, Seay's supervisor, Debra Lewis ("Lewis"), who Seay also names as a defendant, is due to be dismissed from this action.

## I. BACKGROUND[1]

On March 7, 2017, Eagle hired Seay to work as a cleaning service agent. On September 19, 2017, Seay told Lewis, her supervisor, that she was experiencing pain and needed to go to the hospital. Seay was then informed that she needed to work, so she waited to go to the hospital until after her last cleaning assignment. On September 20, 2017, Seay's physician advised her not to return to work the next day due to the medication she had been provided. That same day, after Seay provided this information to Lewis, Lewis terminated Seay's employment.

Seay claims to suffer from degenerative arthritis in her arms, hips, and lower back. Seay receives injections for this condition. According to Seay, after a fellow employee resigned, Eagle assigned her extra work, which caused her medical condition to deteriorate. Seay states that she told Lewis that the extra work was too much and that additional help was needed. However, even after Lewis informed Seay that a new employee had been hired, she was still being assigned extra work.

---

[1] In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court treats the facts alleged in the complaint as true and construes them in the light most favorable to the non-moving party. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, the complaint must state enough facts to raise the right to relief "above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings based upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations will not suffice. *Id.* at 555, 557. A party need not specifically plead each element in his or her cause of action, but the pleading must contain "enough information regarding the material elements of a cause of action to support recovery under some viable legal theory." *Am. Fed'n of Labor & Cong. Of Indus. Orgs. v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir. 2011). Ultimately, the Court must be able to draw a reasonable inference from the facts that the other party is liable. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012).

The process for evaluating the sufficiency of a complaint has two steps. This Court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Conclusory statements and recitations of a claim's elements are thus disregarded for purposes of determining whether

a plaintiff is entitled to survive a motion to dismiss. *Id.* at 678. Next, this Court "assume[s] [the] veracity" of "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief. *Id.* at 679. In reviewing the complaint, this Court "draw[s] on its judicial experience and common sense." *Id.*

Because Seay has submitted her complaint *pro se*, this Court must construe her complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, while a *pro se* plaintiff will be given greater leniency, "[t]his leniency . . . does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x. 635, 637 (11th Cir. 2010).

"A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus, exhibits attached to a complaint may be considered when ruling on a motion to dismiss without converting that motion into a motion for summary judgment. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Because Seay has attached her EEOC charge as an exhibit to her complaint, the Court has

considered the allegations contained within the EEOC charge when rendering this Opinion.[2]

**III.    DISCUSSION**

**A.    ADA Discrimination**

To state an ADA discrimination claim, a plaintiff must allege that she was disabled, qualified to perform the job, and discriminated against because of her disability. *See Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014). A disability, for the purposes of the ADA, is "a physical or mental impairment that substantially limits . . . [a] major life activit[y]." 42 U.S.C. § 12102(1)(A). A physical impairment includes "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss" that affects the musculoskeletal system. *See* 29 C.F.R. § 1630.2(h)(1). Working, walking, standing, sitting, and bending are all examples of major life activities. *See* 29 C.F.R. § 1630.2(i). An impairment "substantially limits" one of these activities if it restricts "the ability of an individual to perform [the

---

[2]    Seay has also attached several emails and medical records to her response to Eagle's motion to dismiss in an apparent attempt to provide additional factual support for her contention that Eagle's actions violated the ADA. But plaintiffs cannot amend their complaint through a response to a motion to dismiss. *See St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) ("The scope of the review must be limited to the four corners of the complaint." (citing *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000))). Thus, the Court has not considered these documents in ruling on this motion to dismiss.

life activity] as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii).

Here, Seay has sufficiently alleged that she was disabled. Degenerative arthritis is a condition that affects the musculoskeletal system. Seay states that when Eagle assigned her additional duties her condition deteriorated and that "the added work was too much and additional help was needed." (*See* Doc. 1 at 11.) Thus, Seay has plausibly alleged that her arthritis made it more difficult for her to work, which is considered a major life activity. Construing Seay's complaint liberally, as it must, the Court finds that it is plausible that "most people in the general population" could work without experiencing the restrictions described by Seay. Thus, the first element of Seay's discrimination claim survives 12(b)(6) scrutiny.

It is also plausible that Seay was qualified to perform her job and discriminated against because of her disability. A qualified individual, under the ADA, is an employee capable of performing "the essential functions" of the job held "with or without reasonable accommodation." *See Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000). Accepting Seay's allegations as true, she worked as a cleaning service agent for Eagle from March 2017 to September 2017, seemingly without incident. Although Seay states that her condition made it more difficult for her to complete her work, nothing in

Seay's complaint suggests that she was incapable of performing the essential functions of her job. Indeed, Seay states that before she went to the hospital on September 19, 2017 she completed all cleaning assignments. (*See id.* at 11.) This suggests that Seay was capable of performing "the essential functions" of her job and was thus a qualified individual. Additionally, Seay has adequately alleged that she was discriminated against due to her disability. Seay states that she "was advised by [her] physician on September 20, 2017, no[t] to return to work the next day due to the medication that had been provided." (*See id.*) She further alleges that soon after she sent this information to Lewis her employment was terminated. Accepting Seay's allegations as true and construing all reasonable inferences in her favor, but-for Seay notifying Lewis that her condition prevented her from returning to work on September 20, 2017 she would not have been fired. Thus, Seay adequately states an ADA disability discrimination claim.

**B.    ADA Retaliation**

To state a claim for retaliation under the ADA, a plaintiff must allege that: "(1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the two." *See Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016). The

first element may be met when an employee alleges that she has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" the ADA. 42 U.S.C. § 12203(a). It may also be met when an employee states that she made a request for a reasonable accommodation, as long as she had a good faith, objectively reasonable belief that she was entitled to those accommodations. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998).

Here, Seay has alleged that she informed her supervisor on September 19, 2017 that she "was experiencing pain and needed to go to the hospital." (*See* Doc. 1 at 11.) Seay was then told that she needed to continue to work. (*See id.*) The next day, on September 20, 2017, Seay's physician told her that due to the medication provided at the hospital she should not return to work that day. (*See id.*) That same day, after Seay forwarded the information from her physician to Lewis, Lewis terminated her employment. At this motion to dismiss stage, the Court finds that these allegations are sufficient to state an ADA retaliation claim against Eagle.

**C.    Lewis**

In her complaint, Seay also names Lewis, who has not been served in this action, as a defendant. (*See* Doc. 1 at 2.) Because Seay is proceeding in this matter *in forma pauperis*, the Court may *sua sponte* dismiss any of

her claims that fail to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Only a "covered entity" may be held liable under the ADA for disability discrimination in the workplace. 42 U.S.C. § 12112(a). The term "covered entity" includes an employer, employment agency, labor organization, or joint labor-management committee. 42 U.S.C. § 12111(2). It does not include supervisors such as Lewis. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (holding that ADA anti-discrimination provision does not provide for individual liability). Likewise, ADA retaliation claims cannot be brought against individual supervisors acting in their individual capacities. *See Albra v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007). Thus, Lewis is due to be dismissed from this action.

## IV. CONCLUSION

For the reasons stated above, Defendant Eagle's motion to dismiss (doc. 9) is due to be denied. However, Seay's claims against Lewis will be dismissed with prejudice. A separate Order consistent with this Opinion will be entered.

**DONE** and **ORDERED** on April 29, 2019.

_____
L. Scott Coogler
United States District Judge

194800