# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IVORY JEAN SEAY, | ) |
| Plaintiff, | ) |
| v. | ) 2:18-cv-01522-LSC |
| EAGLE CLEANING SERVICE, | ) |
| Defendant. | ) |

### MEMORANDUM OF OPINION

Plaintiff Ivory Jean Seay ("Plaintiff" or "Seay"), who is proceeding *pro se*, brings this action against her former employer, Eagle Cleaning Service ("Defendant" or "Eagle"), alleging claims for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* ("the ADA"). Presently before the Court is Eagle's motion for summary judgment. (Doc. 24.) For the reasons stated below, Eagle's motion (doc. 24) is due to be granted.

I. **BACKGROUND**[1]

On March 7, 2017, Eagle hired Seay to work as a cleaning service agent. On September 19, 2017, Seay told Debra Lewis ("Lewis"), her supervisor, that she was experiencing pain and needed to go to the hospital. Seay was then informed that she needed to work, so she waited to go to the hospital until after her last cleaning assignment. On September 20, 2017, Seay's physician advised her not to return to work the next day due to the medication she had been provided. That same day, after Seay provided this information to Lewis, Lewis terminated Seay's employment.

Seay claims to suffer from degenerative arthritis in her arms, hips, and lower back. Seay receives injections for this condition. According to Seay, after a fellow employee resigned, Eagle assigned her extra work, which caused her medical condition to deteriorate. Seay states that she told Lewis that the extra work was too

---

[1] The facts set out in this opinion are gleaned from Seay's complaint, Eagle's submission of facts claimed to be undisputed, and the Court's own examination of the evidentiary record. The Court notes that Seay did not file a response to Eagle's motion for summary judgment. While Seay's complaint includes allegations concerning Eagle's conduct, bare allegations not supported by materials in the record are insufficient to create a genuine dispute of material fact sufficient to overcome summary judgment. *See* Fed. R. Civ. P. 56(c); *see also* Fed. R. Civ. P. 56(e). Nevertheless, all reasonable doubts about the facts have still been resolved in favor of Seay. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

much and that additional help was needed. However, even after Lewis informed Seay that a new employee had been hired, she was still being assigned extra work.

Eagle submitted an affidavit from its President and Owner stating that Seay was terminated because she could not get along with co-workers and because she had 13 absences from work in less than 7 months. (Doc. 25-1 ¶¶ 6–7.) Eagle further avers that it terminated Seay just like it has terminated "all employees with multiple absences over a short time period." (*Id.* ¶ 9.) Further, Seay never requested "a reasonable or any accommodation." (*Id.* ¶ 8.)

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact[2] and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). A genuine dispute as to a material fact exists "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (quoting *Waddell v.*

---

[2] A material fact is one that "might affect the outcome of the case." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1049 (11th Cir. 2015).

*Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001)). The trial judge should not weigh the evidence, but determine whether there are any genuine issues of fact that should be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, trial courts must give deference to the nonmoving party by "view[ing] the materials presented and all factual inferences in the light most favorable to the nonmoving party." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1213–14 (11th Cir. 2015) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). However, "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Conclusory allegations and "mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Melton v. Abston*, 841 F.3d 1207, 1219 (11th Cir. 2016) (per curiam) (quoting *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004)).

In making a motion for summary judgment, "the moving party has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013). Although the

trial courts must use caution when granting motions for summary judgment, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Further, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

## III. DISCUSSION

Seay alleges that Eagle violated the ADA by (1) terminating her and (2) retaliating against her. Eagle asserts that summary judgment should be granted in its favor because Seay produced no evidence to demonstrate that she met her *prima facie* case as to either claim, and that even if she had, she failed to produce any evidence that Eagle's proffered reasons for terminating her were mere pretext for unlawful disability discrimination or retaliation.

The Eleventh Circuit applies "the burden-shifting analysis of Title VII employment discrimination claims" to ADA discrimination and retaliation claims. *Holly v. Clairson Indus., L.L.C.,* 492 F.3d 1247, 1255 (11th Cir. 2007) (quoting *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000)); *Durley v. APAC, Inc.*, 236 F.3d 651, 657 (11th Cir. 2000) (ADA); *Stewart v. Happy Herman's Cheshire Bridge,*

*Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1999) (retaliation). Under the *McDonnell Douglas* framework, the plaintiff carries the initial burden of producing circumstantial evidence sufficient to prove a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Schoenfeld v. Babbitt*, 168 F.3d 1257, 1267 (11th Cir. 1999). If the plaintiff meets her initial burden of establishing a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1191 (11th Cir. 2016). If the defendant is successful, "the burden shifts back to the plaintiff to produce evidence that the employer's proffered reasons are a pretext for discrimination." *Id.* (quoting *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010)).

### A. Discrimination

To establish a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate that she "(1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of [her] disability." *Greenberg*, 498 F.3d at 1263 (quoting *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000)). "This standard derives from the ADA's language, stating that 'no [employer] shall discriminate against a qualified individual with a disability because of the disability of such an individual.'" *Id.* (quoting 42 U.S.C. § 12112(a)).

A disability, for the purposes of the ADA, is "a physical or mental impairment that substantially limits . . . [a] major life activit[y]." 42 U.S.C. § 12102(1)(A). A physical impairment includes "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss" that affects the musculoskeletal system. *See* 29 C.F.R. § 1630.2(h)(1). Working, walking, standing, sitting, and bending are all examples of major life activities. *See* 29 C.F.R. § 1630.2(i). An impairment "substantially limits" one of these activities if it restricts "the ability of an individual to perform [the life activity] as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii).

Here, Seay alleges that she suffers from degenerative arthritis, a condition affecting the musculoskeletal system. Seay's only evidence in support of this allegation is her unsworn complaint. Even assuming, *arguendo*, that she suffers from a physical impairment, Seay has failed to produce any admissible evidence demonstrating that the impairment "substantially limits . . . [a] major life activit[y]." *See* 42 U.S.C. § 12102(1)(A). Seay alleges that when Eagle assigned her additional duties, her condition deteriorated and that "the added work was too much and additional help was needed." (*See* Doc. 1 at 11.) But "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins*, 833 F.2d at 1529. Therefore, Eagle has met its burden of showing that "there is no

evidence to prove a fact necessary to [Seay's] [discrimination] case." *McGee*, 719 F.3d at 1242.

Assuming, *arguendo*, that Seay had been able to establish a *prima facie* case of disability discrimination, the burden of production would then shift to Eagle to produce a legitimate, nondiscriminatory reason for terminating Seay. *See Trask*, 822 F.3d at 1191. The burden at this stage "is exceedingly light." *Perryman v. Johnson Prods. Co.*, 698 F.2d 1138, 1142 (11th Cir. 1983). It is merely a burden of production, not a burden of proof. *Id.* Eagle's explanation for its termination decision—that it fired Seay due to her excessive absenteeism and her inability to get along with co-workers—meets this burden.

Accordingly, the burden shifts back to Seay to show that Eagle's proffered reason is mere pretext for unlawful discrimination. A plaintiff may succeed in demonstrating pretext either "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). In determining whether the proffered reason is pretextual, courts are not in the "business of adjudging whether employment decisions are prudent or fair," but instead, are solely concerned with "whether unlawful discriminatory animus motivates a challenged employment

decision." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999).

Even if she did satisfy her *prima facie* case, Seay has nonetheless failed to produce sufficient evidence of pretext to survive summary judgment on her discrimination claim. Seay has failed to rebut Eagle's claim, which is supported by evidence, that it terminated her for excessive absenteeism and her inability to get along with co-workers. Further, Seay has failed to rebut Eagle's claim, also supported by evidence, that it has terminated all other employees who had multiple absences over a short time period. Indeed, Seay has failed to produce *any* admissible evidence showing either that a discriminatory reason more likely motivated Eagle or that Eagle's proffered explanation is unworthy of credence. *See Burdine*, 450 U.S. at 256.

Even construing the facts in the light most favorable to Seay, no reasonable jury could conclude that Eagle's decision to terminate Seay was based upon unlawful disability discrimination. Therefore, Eagle is entitled to summary judgment on Seay's discrimination claim.

### B.  Retaliation

To establish a *prima facie* case of retaliation under the ADA, a plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an

adverse employment action; and (3) a causal link exists between the protected expression and the adverse action. *Griffin v. GTE Florida, Inc.*, 182 F.3d 1279, 1281 (11th Cir. 1999) (per curiam). To show that she engaged in statutorily protected expression, the plaintiff must show that she "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002) (quoting *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997)). The plaintiff can accomplish this task by showing that she made a request for accommodations and that she had a "good faith, objectively reasonable belief that [s]he was entitled to those accommodations under the ADA." *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998).

Before considering whether Seay had a reasonable belief that she was entitled to accommodations, this Court must first determine whether Seay requested any accommodations at all. Seay's only evidence that she requested an accommodation from Eagle is her assertion that (1) on September 19, 2017, Seay told her supervisor that she was experiencing pain and needed to go to the hospital; and (2) on September 20, 2017, she informed her supervisor that her doctor advised her not to

return to work the next day due to medication she had been provided.³ Eagle's affidavit disputes this assertion, stating that Seay never requested any accommodation. (Doc. 25-1 ¶ 8.) Again, a plaintiff's "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins*, 833 F.2d at 1529. Therefore, Eagle has met its burden of showing that "there is no evidence to prove a fact necessary to [Seay's] [retaliation] case." *McGee*, 719 F.3d at 1242.

Assuming, *arguendo*, that Seay had been able to establish a *prima facie* case of disability discrimination, the burden of production would then shift to Eagle to produce a legitimate, nondiscriminatory reason for terminating Seay. As stated above in Part III.A., Eagle's explanation for its termination decision—that it fired Seay due to her excessive absenteeism and her inability to get along with co-workers—meets this burden.

Accordingly, the burden shifts back to Seay to show that Eagle's proffered reason is mere pretext for unlawful retaliation. For the same reasons stated above in Part III.A., even if she did satisfy her *prima facie* case, Seay has nonetheless failed to produce sufficient evidence of pretext to survive summary judgment on her

---

³ This Court assumes, without deciding, that Seay's actions on September 19, 2017 and September 20, 2017 constitute requests for accommodation.

retaliation claim. In short, Seay has failed to produce *any* admissible evidence showing either that a retaliatory reason more likely motivated Eagle or that Eagle's proffered explanation is unworthy of credence. *See Burdine*, 450 U.S. at 256.

Even construing the facts in the light most favorable to Seay, no reasonable jury could conclude that Eagle's decision to terminate Seay was based upon unlawful retaliation. Therefore, Eagle is entitled to summary judgment on Seay's retaliation claim.

## IV.  CONCLUSION

For the reasons stated above, Eagle's Motion for Summary Judgment (doc. 24) is due to be GRANTED, and Seay's claims are due to be DISMISSED WITH PREJUDICE. An Order consistent with this Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on October 15, 2019.

_____
L. Scott Coogler
United States District Judge

199335